THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. HAMPTON GOULD, PLAINTIFF IN ERROR.

Submitted July 5, 1923—Decided November 9, 1923.

1. At the trial of the defendant for burning a barn the court admitted in evidence a pair of shoes takes from the defendant against his will, by a county officer; the shoes accurately fitted into footprints leading from the public road to the barn and back again. Conceding that the taking of the shoes was an unlawful invasion of defendant's constitutional rights, that fact was no bar to their admission in evidence, as the articles were evidential, *per se.*

2. Although subjects of evidence may have been illegally taken from the possession of the party, against whom they are offered, or otherwise unlawfully obtained or retained, this is no valid objection to their admissibility, if they are pertinent to the issue.

---

On error to the Salem Quarter Sessions.

Argued before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For plaintiff in error, *James Mercer Davivs* and *Henry Burt Ware.*

For the state, *Daniel W. Beckley,* prosecutor of the pleas.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The defendant was convicted upon an indictment charging him with the burning of a

barn belonging to one Mary Smith, and he now seeks to reverse that judgment.

The first ground upon which the judgment is attacked is that the verdict of the jury, finding him guilty of the charge laid against him, is contrary to the weight of the evidence. In disposing of this point, it is enough to say that an examination of the testimony sent up with the writ fails to convince us of the truth of this contention. The point is argued as if the question to be determined was whether, on the whole evidence, a reasonable doubt of the defendant's guilt did not exist. But that is not a matter which we can consider, our only function being to determine whether there was a preponderance of the evidence in support of the state's case. We think that there was.

The next ground of reversal is directed at the ruling of the court in admitting in evidence a pair of shoes taken from the possession of the defendant by the deputy sheriff of the county against his (defendant's) will. It is not suggested that these shoes were not evidential, for they fitted accurately into footprints, discovered the next morning, leading from the public road to the barn of Mrs. Smith and back again. The argument is that, in permitting the shoes, obtained in the way recited, to be submitted as evidence to the jury, the defendant's constitutional right to be protected against unreasonable search and seizure was violated. But, conceding for the purpose of deciding the point raised that the taking of the shoes was an unlawful invasion of the defendant's constitutional right, that fact was no bar to the admission in evidence of these articles. As was stated by Mr. Justice Pitney, writing for this court, in *State* v. *MacQueen,* 69 *N. J. L.* 522, 528, "It is generally held that papers" (and other articles) "unlawfully procured, even by means of an unjustifiable search or seizure, are, nevertheless, admissible if evidential *per se.*" And this principle was reasserted by this court in the case of *State* v. *Lyons,* decided at our last November term.

The last reason argued is that the court in a proceeding had before the trial refused to order the return of this pair of shoes to the defendant, upon an application made for that purpose. Such refusal, however, cannot vitiate the conviction, even if the judicial action was erroneous. This seems to us to be apparent from what has already been said. In order to clear up any possible doubt, however, a reference to the statement of Mr. Justice Day, in *Adams* v. *New York,* 192 *U. S.* 585, 595, is illuminating.

He states the correct rule to be that, although papers and other subjects of evidence may have been illegally taken from the possession of the party against whom they are offered, or otherwise unlawfully obtained (or retained), this is no valid objection to their admissibility, if they are pertinent to the issue. The court will not take notice how they were obtained, whether lawfully or unlawfully, nor will it form an issue to determine that question.

The conviction under review will be affirmed.