THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v WILLIAM J. LYONS, PLAINTIFF IN ERROR.

Argued July 2, 1923—Decided November 20, 1923.

On writ of error to the Supreme Court, in which the following *per curiam* was filed:

"This case is before us on a writ of error directed to the Essex County Court of Quarter Sessions. The writ brings up for review the conviction of William J. Lyons for the keeping of a disorderly house at No. 105 South Orange avenue, in the city of Newark. The indictment was found by the December, 1921, grand jury, and included as the keepers of the disorderly house some fifteen others, besides Lyons. All the defendants, except Lyons, pleaded *non vult*. The pleas of some of the defendants were not offered and accepted until after the commencement of the trial. The specific acts alleged in the indictment were bookmaking, pool selling, gambling and betting on the event of horse races on October 1st, 1921, and on other days to the finding of the indictment. The jury found Lyons guilty. He was sentenced to a term of not less than one year and not more than three years at hard labor in the New Jersey state prison and to the payment of a fine of $1,000 and costs.

"The building was a three-story building, located at the corner of South Orange avenue and Richmond street. A saloon occupied practically the entire first floor. On the South Orange front of the second floor were two small rooms, with a larger room on the Richmond street side. Changes in the partitions of the rooms on the second floor had been recently made. There were three entrances to the building. The patrons of the place used the entrance to the saloon. Some of the doors were reinforced and some of the windows barred.

"On January 6th, 1922, at four-thirty P. M., members of the police department and the prosecutor's office, with deputy

sheriffs, raided this building and found and arrested one hundred and thirty-five persons, including Lyons. Considerable gambling paraphernalia was seized, tables, chips, dice, horse racing slips, &c. An examination of the premises disclosed a buzzer on the first floor, back of the bar, which connected with the upper floor. In the bar cards bearing the name of the defendant were found. The defendant was searched after his arrest and $4,700 in money found upon his person. There was also discovered back of the bar a bill for the iron work about the premises, made out to William J. Lyons, and a statement for the bill rendered, which was receipted.

"Prior to the raid the place had been visited by detectives, who saw Lyons on these occasions in different rooms of the premises. He was observed paying off bets which had been made.

"The defendant offered no testimony and the case was submitted to the jury without any explanation from him or other witnesses as to his presence in the building and as to the matters which the state claimed connected Lyons with the management of the house. There are eighty-four assignments of error and specifications of causes for reversal. Most of these are abandoned. The brief of the plaintiff in error deals with comparatively few of the assignments of error and specifications of causes for reversal. These will be taken up in the order they are argued in the brief for the plaintiff in error.

"The first point argued by the plaintiff in error is that the charge was so manifestly unfair in its comment upon the testimony that it was an abuse of the sound discretion of the court and for this reason the judgment should be reversed.

"It is within the province of the court to comment upon the evidence. It is often the duty of the court to do so. *State* v. *Hummer,* 72 N. J. L. 328. We have examined the charge and are of the opinion that the trial judge's comments upon the testimony were within the latitude accorded him by the decisions of this state.

"The next point argued is that the court erred in admitting in evidence an exhibit offered by the state and marked *S-11.* This was a bill of Katchen & Robinowitz for the erection of iron window guards and reinforcement of doors by the use of iron work. It was dated November 12th, 1921, and was made out to the defendant. A statement made to the defendant, dated December 3d, 1921, was with the bill. This statement was receipted. These papers were found upon a file back of the bar on the first floor. They were near the place where the defendant had placed his overcoat on the day of the raid before going to the second floor. The first floor was connected with the second floor by an electric buzzer. The defendant was seen frequently in the saloon. A lookout was stationed at the door leading from the saloon to the upper floor. There was ample evidence from which it could be held that the saloon was a part of the premises used as the disorderly house. When *S-11* was offered for identification the defendant's counsel objected in the following language:

" 'I object and again renew my motion that I be permitted to question the witness whether he obtained these four papers which he takes from the file of papers without a search warrant. That goes to the fundamentals of citizenship.'

"When offered in evidence and admitted, counsel for the defendant made the following statement:

" 'I renew my objection on their admission in evidence on the grounds as to each and every one specifically, and to what it may be worth as to any particular article,' and then added, 'then the objection is raised that they have not been, nor can they be construed to be, evidence under the indictment for keeping a disorderly house.'

"The statement last quoted is at least ambiguous. The trial court undoubtedly thought that the objection was the same as previously made, namely, that the exhibit was not admissible because taken without a search warrant. It has been settled in this state in the case of *State* v. *McQueen,* 69 *N. J. L.* 522, that papers unlawfully procured by an unjustifiable search and seizure are admissible in evidence if evidential *per se.*

"The plaintiff in error now alleged in the forty-first assignment of error, as follows:

" 'Because the trial court over the objections of the defendant admitted in evidence *State Exhibit S-11,* although said exhibit was in nowise binding upon the defendant, was not evidence against him under the indictment, could not be considered as evidence against him of keeping a disorderly house, was not properly proven, to which offer an exception was duly allowed.'

"It will be observed that this assignment is broader than the objection. The most favorable construction of the objection is that *Exhibit S-11* was not evidence under the indictment. It is not contended that it was properly proven. If this objection had been made at the trial we would consider that it had some merit, as it was not proven that the bill had been sent the defendant or that the statement had been receipted by the vendors of the iron work and therefore might not be usable as evidence of the truthfulness of the statements contained therein. But we do think that *S-11* was admissible in evidence as a document seized in the raid and showing or tending to show that the defendant participated in the conduct of the place. In the case of the *State* v. *Matarazza,* 93 *N. J. L.* 47, this court expressed the opinion that a card purporting to show that a mercantile license was granted to the defendant to conduct a boarding-house at the place where the intoxicating liquors were sold (the indictment being one for the sale of liquor without a license) was admissible to show that the defendant conducted the place in question.

"We think that the objections did not set out clearly the grounds now urged before this court. This is necessary. *State* v. *Hendrick et al.,* 70 *N. J. L.* 41. While this may be obviated under the procedure for bringing up the entire record, which in this case is before us, yet we are of the opinion that as the exhibit was admissible for at least the purpose of showing the defendant's connection with the place and there was other evidence of his participation in the conduct of the place and evidence of the placing of iron bars at some of the windows and the reinforcements of the doors,

that the defendant was not injuriously affected on the merits of the case by the admission of the exhibit in question and the comments of the court in its charge in this regard.

"The next point argued in the brief for the plaintiff in error is with reference to the trial court's refusal to permit the defendant to challenge certain jurors. The trial commenced, as has been stated, against the defendant and certain other co-defendants. All were entitled to ten challenges, which had to be made jointly. Some of these challenges were made with Lyons dissenting. The other defendants, except Lyons, then changed their pleas so that the trial proceeded against Lyons as the sole defendant. The question as to the challenges gave the prosecutor some doubt as to the wisdom of proceeding with the jury as empaneled, and he offered to empanel a new jury. To this proposition the defendant's counsel said: 'The defendant has already asked that the case go on and it is ready to go on; that is all the defendant has to say.' The record contains some further colloquy between counsel on this subject.

"From a reading of the record we are of the opinion that counsel for the defendant, by what transpired, waived the defendant's rights, if he had any, with reference to the matter of challenges. Counsel for the defendant could not go on with the case after having been offered an opportunity to empanel a new jury, and then after an adverse verdict avail himself of any errors which may have been committed in the empaneling of the jury which he had accepted. The trial court was within its discretionary rights in refusing to quash the indictment. We find no error in the court's ruling upon the evidence or in refusing to direct a verdict for the defendant. We are of the opinion that the verdict was not against the weight of the evidence. The judgment of conviction is affirmed."

For the plaintiff in error, *John A. Matthews* and *Merritt Lane*.

For the defendant in error, *John O. Bigelow*, prosecutor of the pleas.

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, WHITE, HEPPENHEIMER, ACKERSON, VAN BUSKIRK, JJ.    9.

*For reversal*—None.