THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. HARRY HAINES, PLAINTIFF IN ERROR.

Submitted January 29, 1927—Decided July 9, 1927.

1. In a criminal case the mere fact that an illegal search warrant was issued prior to the indictment constitutes no reason for quashing the indictment.

2. In a criminal case the prosecutor of the pleas has a right to state in his opening what facts relevant to the issue he intends, in good faith, to prove by competent evidence.

3. In a criminal case the grounds of error must be definitely pointed out and assigned with sufficient precision to apprise the court and opposing counsel of the injury of which complaint is made.

4. In a criminal case an article unlawfully procured by an unjustifiable search and seizure is admissible in evidence if evidential *per se*.

5. In a criminal case, if there be evidence supporting the charge laid in the indictment, the question of the defendant's guilt or innocence is for the determination of the jury and not for the court, and it is proper to deny a motion to direct a verdict for the defendant.

6. In a criminal case, in the absence of any request to charge, the trial judge may submit the case to the jury without charge if he sees fit to do so.

On writ of error to the Burlington County Court of Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justice TRENCHARD.

For the plaintiff in error, *Jonathan H. Kelsey.*

For the defendant in error, *George H. Hillman,* prosecutor or the pleas.

The opinion of the court was delivered by

TRENCHARD, J. This indictment was found by the Burlington county grand jury. It charged in the first count the maintenance of a house where intoxicating liquor was manu-

factured, sold, &c., contrary to section 15 of *Pamph. L.* 1922, *p.* 615; and in the second count charged the unlawful possession of intoxicating liquor contrary to section 10 of the same act.

The defendant was found guilty as charged and was sentenced to pay a fine of $300.

The case comes up by bills of exceptions on assignments of error only.

The first assignment of error requiring notice is that the court refused to quash the indictment because the search warrant theretofore issued was illegal.

To this it is a sufficient answer to say that an indictment will not be quashed merely because the search warrant, which preceded it, was illegal.

The next assignment requiring consideration is: "Because the trial judge permitted the prosecutor in his opening to misquote the facts to the jury by stating the officers were invited to go through defendant's place and then discovered liquor."

This assignment is without merit. The prosecutor of the pleas has the right to state in his opening what facts relative to the issue he intends, in good faith, to prove by competent evidence. In the present case the expectation of the prosecutor was justified by the event, for a mere casual examination of the evidence discloses that he proved precisely what he stated that he would prove.

The next assignment is: "Because the trial judge refused to suppress the testimony of the witness for the state after the issuing of a search warrant."

But in a criminal case the grounds of error must be definitely pointed out and assigned with sufficient precision to apprise the court and opposing counsel of the injury of which complaint is made. *State* v. *Lewis,* 98 *N. J. L.* 618. And that this assignment does not do. No precise indication is given thereby as to what part of the testimony of the several witnesses the defendant contends should have been suppressed.

If, as may be surmised, defendant's contention is that certain undisclosed testimony of certain unnamed witnesses was objectionable by reason of the alleged illegality of a search

warrant said to have been issued by a magistrate prior to the indictment, it may be well to point out that we have said, with the approval of the Court of Errors and Appeals, that "it has been settled in this state in the case of *State* v. *MacQueen,* 69 *N. J. L.* 522, .that papers unlawfully procured by an unjustifiable search and seizure are admissible in evidence if evidential *per se."  State* v. *Lyons,* 99 *Id.* 301.   And there is no suggestion that any testimony was admitted in violation of that rule.

The next assignment is that the trial judge refused to dismiss the charges at the close of the case.

But that the court could not have done lawfully.   There was ample evidence supporting the charges laid in the indictment, and, therefore, the question of the defendant's guilt or innocence was for the determination of the jury and not of the court.

The only remaining assignment of error is that the trial judge "neglected to charge the jury."

But in *State* v. *Geltzeiler,* 2 *N. J. Mis. R.* 1106, in this court, it was said: "A court can submit a case to a jury without charge if it desires to do so.   *People* v. *Gray,* 5 *Wend.* 288; *State* v. *Ross,* 247 *Pac. Rep.* 1149.   The method to be taken to secure a charge upon any branch of the case is by a request to charge."   And that case was affirmed by the Court of Errors and Appeals.   101 *N. J. L.* 415.   It follows, therefore, that in the absence of any request to charge, the court may submit the case to the jury without charge if it sees fit to do so.   In the instant case there was no request to charge.

We believe that the foregoing observations, in effect, dispose of all assignments of error argued, certainly all of them that merit remark.

The judgment below will be affirmed.