THE STATE, DEFENDANT IN ERROR, v. EDGAR A. GIL-
LETTE AND MICHAEL BRITTON, PLAINTIFFS IN
ERROR.

Submitted January 28, 1927—Decided August 4, 1927.

1. Upon the trial of an indictment under the State Prohibition En-
forcement act, charging the unlawful possession of intoxicating
liquor, the fact that such liquor was procured by police officers
from the premises of the defendants by an unjustifiable search
and seizure does not render such liquor incompetent evidence,
either before the grand jury or upon the trial of the indictment.
2. In the absence of an objection to alleged incompetent evidence,
and a ruling by the court thereon, there can be no error to be
passed upon by the appellate court.
3. A motion to direct a verdict of not guilty at the close of the
state's case, upon the trial of an indictment for the unlawful
possession of intoxicating liquor, is addressed to the discretion of
the trial court. This being so, the refusal of such motion cannot
be made the basis for reversal, under a strict writ of error.
4. The contention that the conviction, in a criminal case, is against
the weight of the evidence, can only be considered when the case
comes up for review under the one hundred and thirty-sixth sec-
tion of the Criminal Procedure act.

On error to the Burlington County Court of Quarter Ses-
sions.

Before GUMMERE, CHIEF JUSTICE, and Justice TREN-
CHARD.

For the plaintiffs in error, *Jonathan H. Kelsey.*

For the state, *George M. Hillman,* prosecutor of the pleas.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiffs in error were
convicted upon two indictments, which were tried together,
one of which charges them with maintaining a room or build-
ing where intoxicating liquor was unlawfully kept and sold,
and the other charging them with the unlawful possession
of intoxicating liquor. They now challenge the legality of
these convictions.

The first ground upon which we are asked to reverse these convictions is based upon the fact that the existence of the liquor upon the premises was discovered, and it was taken possession of by certain police officers without serving the search warrant issued to them authorizing such action on their part; such service being made mandatory by the State Prohibition Enforcement act. The contention is that this unlawful action was a violation of the constitutional rights of the plaintiffs in error, and that the application of the defendants "to dismiss the proceeding" for this reason should have been granted. It is further contended that there was injurious error in permitting the state to prove that the liquor thus seized was in the possession of the plaintiffs in error at the time of such seizure. We think there is nothing in these contentions. Assuming that the liquor which was taken possession of by the officers was procured from the premises of the plaintiffs in error by an unjustifiable search and seizure, nevertheless, it was competent evidence in support of the charge laid in the indictment, under our decisions in *State* v. *MacQueen,* 69 *N. J. L.* 522; *State* v. *Gould,* 99 *Id.* 17; and under the decision of the Court of Errors and Appeals in *State* v. *Lyons,* 99 *Id.* 301. This being so, it necessarily follows that it was competent evidence to be considered by the grand jury in determining whether or not an indictment should be presented against the defendants.

Next, it is argued that the court erroneously admitted in evidence on the part of the state a small bottle of liquor, containing less than one-half ounce, the alleged error being that no such bottle was shown in the inventory of the property seized by the officers. Just why this fact rendered the bottle of liquor inadmissible in evidence, if it contained liquor which was found upon the premises of the plaintiffs in error, as the proofs on the part of the state showed, is not apparent to us and is not made plain by counsel for the plaintiffs in error. Moreover, no objection was made to the admission of the bottle in evidence, and, as the case comes before us on strict writ of error, the validity of the testimony cannot be considered on review.

Next, it is contended that the court erroneously permitted Officer Carslake to demonstrate what he called a signal given by the witness Britton to the witness Tomlin. But this testimony was not objected to, and, consequently, there was no ruling of the court upon the matter of its competency. It is hardly necessary to point out that there could be no error in a non-existent ruling of the court.

Next, it is said that the trial court erred in refusing to direct a verdict of not guilty against Britton, the basis of the motion being that he was a mere employe of Gillette and not one of the proprietors of the place where the liquor was found. This motion was made at the close of the state's case, and the granting or refusing of it was a matter within the discretion of the court. This being so, it cannot be made a basis for reversal except when the case comes up under the one hundred and thirty-sixth section of the Criminal Procedure act (*State v. Juggers,* 71 *N. J. L.* 281; *State v. Lieberman,* 80 *Id.* 506, 508; *State v. Metzger,* 82 *Id.* 749); and, as has already been pointed out, this case comes up on strict writ of error.

Next, it is argued that the court committed harmful error in refusing to direct a mistrial because of a statement made by Officer Gaskill, a witness for the state, which was as follows: "About eight o'clock I called the lieutenant and told him something had to be done with that place, and he told me to go and obtain a search warrant." There is nothing in this ground of reversal. No objection was made to the testimony when it was admitted; no motion was afterward made to strike it out. Moreover, the court instructed the jury specifically to disregard it.

It is further argued that the court erroneously refused to charge the following request: "Instruct jury as to receipt and inventory as set forth in the twenty-fourth section of the Prohibition Enforcement act." The trial judge refused to comply with the request upon the ground that he did not understand the meaning of it. We cannot say that the plaintiffs in error were entitled to have that request charged, because, like the trial judge, we do not understand what it means.

Counsel lastly argues that the verdict of the jury convicting these plaintiffs in error is against the weight of the evidence. But this question can only be raised where the case comes up under the one hundred and thirty-sixth section of the Criminal Procedure act.

The convictions under review will be affirmed.