STATE OF NEW JERSEY, GEORGE S. HOBART, ASSISTANT ATTORNEY-GENERAL, PROSECUTOR, v. THE COURT OF THE FIRST CRIMINAL JUDICIAL DISTRICT OF THE COUNTY OF BERGEN, DEFENDANT.

Submitted May 15, 1931—Decided May 18, 1932.

Before Justices TRENCHARD and DONGES.

For the prosecutor, *George S. Hobart.*

For the defendant, *Chandless, Weller & Selser.*

PER CURIAM.

This writ of *certiorari* brings up for review an order of Judge Charles J. McCarthy, judge of the First Criminal Judicial District Court for the county of Bergen, dated March 31st, 1931, directing the return to one Robert Hart of all property seized by virtue of a search warrant issued by said judge, and ordering that the use of any evidence so taken be suppressed in any criminal proceeding against Hart.

Several grounds are urged for reversal. It will be necessary to consider only some of them.

The warrant in the instant case was directed against one "Bob" Hart. Upon the hearing, Hart testified that the portion of the premises from which the liquor was taken was not under his control, but was occupied by a Mrs. Allen, and that all of the property seized was the property of Mrs. Allen. His testimony on this point was as follows:

"*Q*. And you were there the day that the men took away the list of whiskey and wine and applejack, as in this inventory? *A*. The same day as the raid. *Q*. A copy of which you have? *A*. That belonged to Mrs. Allen. They got that in her apartment. *Q*. They got that in her apartment? *A*. They got it in her apartment. *Q*. Nothing downstairs at all? *A*. Not downstairs at all, not in my part."

The balance of the testimony was upon the question of probable cause for the issuance of the search warrant.

Section 27 of the act of 1922 (*Pamph. L.* 1922, *p.* 615), provides that, if upon the return of any search warrant it appears that the property taken is not the same as that described in the warrant, or that there is no probable cause for believing the existence of the grounds on which the warrant was issued, "the magistrate must cause the property to be returned to the person from whom it was taken." As above set out, the only testimony upon this point is that of the defendant Hart, who testified no property was taken from him and that the property taken was not his property. The only power to make an order is found in sections 26 and 27 of the act referred to. It follows, therefore, that the magistrate was without authority to order the return to one from whom it was not taken.

Nor do we find any authority for that part of the order suppressing "all evidence seized, taken or obtained by virtue of said illegal search and seizure." The proceeding in the court below is purely statutory and the power of the court is limited to the action authorized by the statute. This action is an order for the return of the property seized "to the person from whom it was taken."

It has been repeatedly decided in this state that in a criminal case an article unlawfully procured by an unjustifiable search and seizure is admissible in evidence if evidential *per se*. *State* v. *Gillette*, 103 *N. J. L.* 523; 138 *Atl. Rep.* 381; *State* v. *Haines*, 103 *N. J. L.* 534; 138 *Atl. Rep.* 203; *State* v. *Lyons*, 99 *N. J. L.* 30; 122 *Atl. Rep.* 758.

The order under review is set aside, with costs.