STATE OF NEW JERSEY, GEORGE S. HOBART, ASSISTANT ATTORNEY-GENERAL, PROSECUTOR, v. THE COURT OF THE FIRST CRIMINAL JUDICIAL DISTRICT OF THE COUNTY OF BERGEN, DEFENDANT.

Submitted May 15, 1931—Decided May 18, 1932.

Before Justices TRENCHARD and DONGES.

For the prosecutor, *George S. Hobart.*

For the defendant, *Chandless, Weller & Selser.*

PER CURIAM.

This writ of *certiorari* brings up for review an order made by Judge Charles J. McCarthy, judge of the First Criminal District Court of the county of Bergen, directing the return of certain barrels of alleged wine seized under a search warrant issued by Judge J. Wallace Leyden, acting judge of said court, and the suppression of the use of said wine as evidence.

The statute under which this proceeding was taken in the court below provides in effect that if it appear upon the hearing that the property taken is not the same as that described in the warrant or that there is no probable cause for believing the existence of the grounds on which the warrant was issued, the magistrate must cause the property to be returned to the person from whom it was taken; but if it appears that the property is the same as described in the warrant and that there is probable cause for believing.

the existence of the grounds on which the warrant was issued, then the magistrate shall order the property retained in the custody of the person seizing it. *Pamph. L.* 1922, *p.* 615, §§ 26, 27.

The statute would seem to limit the inquiry to these two questions, namely, a lack of identity of the articles seized and those directed to be seized, and that there is lack of probable cause for believing the existence of the grounds on which the warrant was issued. In the instant case, the inventory filed and returned as part of the record shows that there was seized at the time of the search, in addition to the wine, alcohol and whiskey. The warrant directed the seizure of "applejack and other intoxicating liquor." Such description covers wine, if intoxicating, as well as whiskey, alcohol or "applejack." The return of the alcohol and whiskey was not ordered, so that it seems beyond dispute that there was probable cause for believing the grounds on which the warrant was issued. No proofs were offered by the claimant to controvert the sworn statement on which the warrant was issued, that there was a sale of intoxicating liquor by the claimant to the affiant and that the claimant had other intoxicating liquor in his possession for sale. We conclude, therefore, that there was identity of the property seized and of that directed to be seized and that it does not appear that there was lack of probable cause to believe the existence of the grounds on which the warrant was issud.

Further, as we said in State *v.* Court of the First Criminal Judicial District of the county of Bergen, arising on motion of Robert Hart (10 *N. J. Mis. R.* 715), there is no power in the respondent to order the suppression of evidence. The statute does not authorize it and our courts have uniformly held that evidence, however procured, is admissible if otherwise evidential. *State* v. *Lyons,* 99 *N. J. L.* 301; 122 *Atl. Rep.* 758; *State* v. *Gillette,* 103 *N. J. L.* 523 ; 138 *Atl. Rep.* 523; *State* v. *Haines,* 103 *N. J. L.* 534; 138 *Atl. Rep.* 203.

We do not deem it necessary to discuss the other questions raised.

We conclude that the order under review must be set aside, with costs.