STATE OF NEW JERSEY, GEORGE S. HOBART, ASSISTANT ATTORNEY-GENERAL, PROSECUTOR, v. THE COURT OF THE FIRST CRIMINAL JUDICIAL DISTRICT OF THE COUNTY OF BERGEN, DEFENDANT.

Submitted May 15, 1931—Decided May 18, 1932.

Before Justices Trenchard and Donges.

For the prosecutor, *George S. Hobart.*

For the defendant, *Chandless, Weller & Selser.*

Per Curiam.

This writ of *certiorari* brings up for review an order of Judge McCarthy, judge of the court of the First Criminal Judicial District of the county of Bergen, directing the return of certain liquors seized under a search warrant issued by one J. Wallace Leyden, acting judge of said court, and ordering the suppression of all evidence obtained in said search, and the use thereof in any proceeding against the defendant below, Herman Becker.

We do not deem it necessary to pass upon the question of the authority of Judge McCarthy to hear the matter upon the return of the warrant issued by Judge Leyden.

Sections 26 and 27 of the act under which these proceedings are taken (*Pamph. L.* 1922, *p.* 615) provides that testimony must be taken if the ground on which the warrant was issued is controverted, and if it appears that the property taken is not the same as that described in the warrant, or that there is no probable cause for believing the existence of the grounds on which the warrant was issued, the magistrate must cause the property to be returned to the person from whom it was taken; but if it appears that the property taken is the same as that described in the warrant, and that there is probable cause for believing the existence of the grounds on which the warrant was issued, then the magistrate shall order the same to be retained in the custody of the person seizing it.

The owner, Becker, gave notice of a motion for the return of the property and to suppress the evidence.

Our examination of the record satisfies us that the testimony before the court below established that the property

described in the warrant is the same as that taken, with the exception of a journal book, the taking of which was not authorized by the warrant, and that it was established that there was probable cause for believing the existence of the grounds on which the warrant was issued.

Further, we conclude that there is no authority for that portion of the order directing suppression of the evidence and the use of any evidence obtained under the search warrant. Our courts have uniformly held to the contrary. See *State* v. *Lyons,* 99 *N. J. L.* 301; 122 *Atl. Rep.* 758; *State* v. *Gillette,* 103 *N. J. L.* 523; 138 *Atl. Rep.* 523; *State* v. *Haines,* 103 *N. J. L.* 534; 138 *Atl. Rep.* 203.

We conclude that so much of the order under review as directs the return of the journal book is affirmed, and that the balance of the order is set aside, without costs to either party.