Essex County Court of Quarter Sessions.

THE STATE OF NEW JERSEY, PLAINTIFF, v. STEPHEN BODNER, DEFENDANT.

Decided August 29, 1932.

For the motion, *Frederick J. Gassert.*

Unger, S. C. C. By virtue of the provisions of paragraph 9 of "An act concerning intoxicating liquor used or to be used for beverage purposes" (*Pamph. L.* 1922, *ch.* 255), Joseph Kaminsky made a complaint before me as a Supreme Court commissioner (who by the act is constituted a committing magistrate for that purpose) against a saloon at 225 Waverly avenue, Newark, New Jersey, upon which a search warrant was issued.

Application is now made to quash the warrant upon the ground that it was not returned by the officer within the time required by law.

Section 23 of the above-mentioned act provides:

"A search warrant must be executed and returned to the magistrate who issues the same within ten days after its date; after the expiration of this time, the warrant, unless executed, is void."

Section 25 of the act provides:

"The officer who executes a search warrant must forthwith return the same to the magistrate * * *."

The warrant in the present case was issued on March 19th

and was not returned by the officer to whom it was directed until March 31st. This was not in conformity with the provisions of the statute set forth above, which must, in view of the extraordinary nature of the search warrant, be strictly followed.

The warrant therefore became void and the motion to quash it on this ground is granted.

The defendant also makes application for an order directing the return of the liquor seized upon the execution of the warrant and to suppress the evidence.

Section 27 of the act provides:

If, on the return of any search warrant, it appears that the property taken is not the same as that described in the warrant, or that there is no probable cause for believing the existence of the grounds on which the warrant was issued, the magistrate must cause the property to be returned to the person from whom it was taken; but if it appears that the property taken is the same as that described in the warrant, and that there is probable cause for believing the existence of the grounds on which the warrant was issued, then the magistrate shall order the same to be retained in the custody of the person seizing it, or to be otherwise disposed of according to law."

The authority of the magistrate to order the return of the property taken is confined to those cases where it is not the same as that described in the warrant, or where it appears that there is no probable cause for believing the existence of the grounds on which the warrant was issued. The act is silent as to any power on the part of the magistrate to make such an order or to suppress the evidence under any other circumstances. The grounds upon which this warrant was issued were not controverted, and it appears there was probable cause for its issue, and that the liquor seized is the same as that described in the warrant. Under these circumstances, the magistrate is without right to direct the return of the liquor or to suppress the evidence.

In *State* v. *First Criminal Judicial District Court of Bergen County,* 10 *N. J. Mis. R.* 725, the Supreme Court re-

viewed on *certiorari* an order of a magistrate directing the return of the property seized under a search warrant issued under this statute and suppressing the evidence. In setting aside the order, with the exception of one provision, the court said:

"Further, we conclude that there is no authority for that portion of the order directing suppression of the evidence and the use of any evidence obtained under the search warrant. Our courts have uniformly held to the contrary. See *State* v. *Lyons,* 99 *N. J. L.* 301; 122 *Atl. Rep.* 758; *State* v. *Gillette,* 103 *N. J. L.* 523; 138 *Atl. Rep.* 523; *State* v. *Haines,* 103 *N. J. L.* 534; 138 *Atl. Rep.* 203."

The court also concluded the order was improper in directing the return of the liquor seized.

In the cited case of *State* v. *Gillette, supra,* Chief Justice Gummere, speaking for the Supreme Court, said:

"It is further contended that there was injurious error in permitting the state to prove that the liquor thus seized was in the possession of the plaintiffs in error at the time of such seizure. We think there is nothing in these contentions. Assuming that the liquor which was taken possession of by the officers was procured from the premises of the plaintiffs in error by an unjustifiable search and seizure, nevertheless, it was competent evidence in support of the charge laid in the indictment, under our decisions in *State* v. *MacQueen,* 69 *N. J. L.* 522; 55 *Atl. Rep.* 1066; *State* v. *Gould,* 99 *N. J. L.* 17; 122 *Atl. Rep.* 596; and under the decision of the Court of Errors and Appeals in *State* v. *Lyons,* 99 *N. J. L.* 301. This being so, it necessarily follows that it was competent evidence to be considered by the grand jury in determining whether or not an indictment should be presented against the defendants."

The settled doctrine of this state as expressed in the foregoing decisions requires the denial of the application for an order for the return of the liquor and the suppression of the evidence.