THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ERNESTO PÉREZ, Defendant and Appellant.

No. 8811. Argued November 5, 1941.—Decided November 10, 1941.

*Adolfo García Veve* for appellant. *George A. Malcolm, Attorney General of Puerto Rico,* and *R. A. Gómez, Prosecuting Attorney,* for appellee.

Mr. Justice De Jesús delivered the opinion of the court.

The appellant herein was sentenced to serve six months in jail for having in his possession a revolver without registering the same in the police district of his residence. In support of his appeal he urges that the court *a quo* erred: (*a*) in finding him guilty of that offense, as in this case there was involved a weapon which was not subject to the registration provided for in the Act of July 8, 1936 (No. 14, Third Special Session, p. 128); (*b*) in dismissing defendant's motion to quash the search warrant by virtue of which the weapon was seized; and (*c*) in admitting in evidence the search warrant and the revolver in question.

In his argument under the first assignment of error, the appellant maintains that it appears from the evidence that in order to fire the revolver it is necessary to push the trigger forward, and this renders the weapon defective which therefore can not be used for purposes of offense and defense; hence the appellant concludes that the same is not comprised in the provisions of the cited act.

The fact that a weapon of the kind described in the act is more or less defective does not exempt its possessor from the duty to register it. The act makes no distinction between firearms of perfect or imperfect operation. It is sufficient that the weapon, as in this case, answers the description provided for in the act in order to make it compulsory upon the possessor to comply with the statutory provisions. Construing a statute *in pari materia,* the act regarding the carrying of prohibited weapons, this court has held that a revolver does not cease to be one because it is unloaded, or because it lacks some parts, so long as it has the general characteristics of a revolver and its appearance as such. *People* v. *Cortés,* 37 P.R.R. 34. Subsequently, in *People* v. *Padilla,* 45 P.R.R. 264, it was again held that a pistol does not cease to be one, within the meaning of the same statute, because is is unloaded, or because it lacks the magazine (*peine*) containing the cartridges, so long as it retains the general

characteristics and appearance of such weapon. See by way of illustration the case of *Mitchell* v. *State of Mississippi*, 55 So. 354, 34 L.R.A. (N. S.) 1174, cited at length in the last of the two decisions above mentioned.

■ The second assignment of error is predicated upon the return of the search warrant almost two months after its issuance. The appellant relies on Section 512 of the Code of Criminal Procedure which reads as follows:

"Section 512.—A search warrant must be executed and returned to the justice of the peace who issued it within ten days after its date; after the expiration of this time the warrant, *unless executed* is void." (Italics ours.)

The language of the statute is perfectly clear. The first part of the section is directory; in so far as it provides that the search warrant must be executed and returned within 10 days after its date. It seems only just and desirable that such warrants, in view of their extraordinary nature, should be returned to the judicial authorities within a reasonable time; but when imposing a penalty for non-compliance with the statute, the lawmaker directed that a search warrant shall be considered void only if the same is not executed within the said period of ten days; and in this case such warrant was executed on the same day of its issuance. Therefore, it was not subject to the sanction provided by the statute.

■ The appellant cites the case of *State* v. *Bodner*, 162 Atl. 186, in which a New Jersey court seems to have construed a statutory provision similar to section 512, *supra*, in the sense that the mere fact of the failure to return the warrant within ten days after its date renders the same invalid.

With the exception of the jurisprudence established by the Supreme Court of the United States or by the United States Circuit Court of Appeals for the First Circuit, the decisions of the other courts of the continental United States are not

binding on this Supreme Court. Such decisions have for us, only the persuasive force of the reasoning on which they may be based. The case from New Jersey is founded on the following reasoning:

"The warrant in the present case was issued on March 19th and was not returned by the officer to whom it was directed until March 31st. This was not in conformity with the provisions of the statute set forth above, which must, in view of the extraordinary nature of the search warrant, be strictly followed."

The above is the only ground relied upon by the New Jersey Court for its decision. The cited case has not been followed in any other jurisdiction, nor has it been confirmed by the Court of Errors and Appeals, which is the highest tribunal in that State.

We have failed to find any case from California constru ing Section 1534 of the Penal Code of that State, from which Section 512 of our Code of Criminal Procedure was adopted; but, on the other hand, let us see how Corpus Juris summarizes the jurisprudence on the subject:

"NECESSITY AND NATURE OF RETURN—(a) IN GENERAL. The failure of an officer to make a return of a search warrant properly issued and served will not invalidate the search warrant, or a search and seizure made thereunder, even where the statute requires the return within a certain time, the return being merely a ministerial act, which may be performed later. . . ." 56 C. J. 1245.

With the greatest deference to the court which decided the case cited by the appellant, the Court of Quarter Sessions of New Jersey, Essex County, we do not feel disposed to accept its construction, and, on the contrary, we hold that the search warrant in the case at bar was not invalidated by the mere fact of its return after the lapse of ten days from its date, inasmuch as the same was executed within that period.

█ The conclusions we have reached regarding the first two assignments of error relieve us from the necessity of discussing at length the third assignment, it being sufficient in order to dispose of the same, that, as the weapon seized

is one of those comprised in the Act relative to the Registration of Firearms, and as the said warrant is valid, the trial court did not err in admitting in evidence both the search warrant and the weapon.

For the reasons stated the decision appealed from must be affirmed.