José González Clemente & Cía., Demandante y Apelante,
v. López et al., Demandados y Apelados.

Apelación procedente de la Corte de Distrito de Mayagüez
en pleito sobre indemnización.

No. 2933.—Resuelto en marzo 21, 1924.

Daños y Perjuicios por Embargo Indebido—Aseguramiento de Sentencia—
Defensas Insuficientes.—Cuando una acción en cobro de dinero se deses-
tima, el aseguramiento de sentencia concedido se anula también; y una
acción entablada por el demandado para que el demandante y sus fiadores
le indemnicen de los daños causados por el embargo, debe prosperar, no
siendo defensa ni el hecho de que el demandante hubiera actuado con buena
fe ni que la demanda hubiera sido desestimada porque el demandante esta-
bleció la acción a su nombre en vez de hacerlo como agente del verdadero
acreedor, ni que los daños ocasionados por la venta de los bienes fungibles
embargados pudieron evitarse si el demandante hubiera pagado su deuda
al verdadero acreedor.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. Benet & Souffront.*

Abogados de los apelados: *Sres. J. Sabater* y *S. Suau.*

El Juez Asociado Sr. Wolf, emitió la opinión del tri-
bunal.

La mercantil J. Ochoa y Hnos. estableció demanda con-
tra otra mercantil, José González Clemente y Cia., en co-
bro de la suma de $2,300. El pleito fue iniciado en la Corte
de Distrito de San Juan y subsiguientemente trasladado al
distrito judicial de Mayagüez. Allí la mercantil demandante
obtuvo un embargo preventivo o preliminar y como requi-
sito previo a su expedición prestó fianza por la suma de
$3,200. Los fiadores en esta fianza fueron José López Pe-
reira y Maximino Pérez.

La condición de la fianza era que los obligados resarci-
rían a la demandada los daños y perjuicios que pudieran
ocasionarle debido a la ilegal expedición del embargo.

Actuando de acuerdo con los procedimientos de embargo
el márshal se incautó de 50 barriles de tocino. A instancia
del entonces demandante estos 50 barriles de tocino fueron

vendidos en pública subasta obteniéndose por ellos $1,230, suma que fue consignada en la corte.

A la demanda en esta acción se formuló excepción previa que fue declarada con lugar. Se resolvió que la demanda no era susceptible de enmiendas y la opinión y sentencia de la corte inferior quedó sostenida en apelación. *J. Ochoa & Hno.* v. *J. González Clemente,* 29 D. P. R. 1015.

Entonces la demandada en la acción anterior pasó a ser demandante en la presente y demandó a la firma J. Ochoa y Hermanos y sus fiadores José López Pereira y Maximino Pérez por la diferencia en el valor del mercado de los 50 barriles de tocino cuando fueron vendidos y el precio en que se vendieron dichos barriles. Este saldo con intereses, según se reclamó era de $1,070. La presente mercantil demandante recibió los $1,230 consignados en la corte.

Creemos que es demasiado claro para argumento el hecho de que cuando una acción se desestima cualquier aseguramiento librado en ese caso lo ha sido ilegalmente y por tanto indebidamente expedido. Al desestimarse una acción el embargo desaparece y la propiedad del demandado debe serle reintegrada. El tiene derecho a recobrar por toda la pérdida o detrimento o disminución en valor de la propiedad mientras ha estado privado de su uso.

La única investigación entonces es la cuantía de los daños y perjuicios, toda vez que la desestimación fija el derecho de las partes. Es cosa juzgada y de no ser apelada cualquier otro juez o corte, de acuerdo con la ley, está obligada a respetarla. En este caso concreto no solamente fué desestimada la acción sino que esta corte confirmó la sentencia en apelación. La teoría de la decisión fue necesariamente que A obligado para con B no puede hacerse responsable de una reclamación de C. Que C es el mandatario de B no importa si C alega tener un derecho de acción él mismo y no su principal.

El mandatario en el pleito anterior trató de substituir el

nombre del demandante pero en ningún momento el mandante pretendió hacer suya la acción, de modo que sea responsable para con la demandada por la indebida radicación de la demanda y por tanto del embargo.

Bajo estas circunstancias no es permisible a dicho agente o sus fiadores el poder alegar que la anterior demandada debía a alguna otra persona, aun cuando esa otra persona resulte ser el principal y supuesto dueño de la obligación o reclamación que dicho agente pretendió alegar. En cuanto a la anterior demandada, su reclamación de daños y perjuicios es la misma que en el caso de una acción y aseguramiento de sentencia de uno que es completamente ajeno al asunto. La anterior demandada no debía un centavo al mandatario que estableció el pleito. Esto se admite por todos. No estamos de ninguna manera de acuerdo con la tentativa de la corte inferior a juzgar de los particulares de la reclamación del principal contra dicha anterior demandada, toda vez que esa reclamación no estuvo debidamente ante la corte. Dicho alegado principal no estaba ante la corte.

En vista de estas circunstancias no importa si J. Ochoa y Hermanos, los referidos agentes, procedieron de buena o mala fe. Cuando una persona ilegalmente toma la propiedad de otra es responsable por los daños y perjuicios reales, haya actuado de buena o mala fe.

No habría quizá daños punitivos. Como hace tiempo indicó el Juez Presidente, Sr. Marshall, no es tanto lo que haya sido hecho en un pleito determinado o bajo una autoridad particular alegada como lo que de acuerdo con ella puede hacerse. Si los agentes podían justificarse en este caso también podían en cualquier otro. En cada caso entonces la cuestión colateral surgiría respecto a si la obligación no se tenía con la persona que estableció la demanda sino con alguna otra, un supuesto mandante.

Aquí tampoco importa, como declaró y resolvió la corte inferior, que los efectos embargados fueran fungibles y sus-

ceptibles de rápido deterioro. Si una persona se apodera de mis bienes no puede justificar la pérdida que se me cause diciendo que dichos bienes eran deteriorables y que por tanto los ofreció en subasta pública al mejor postor que se presentara. En tal caso tengo derecho a probar mi verdadera pérdida.

La demandante alegó en su demanda una pérdida de $1,070 y también presentó prueba para establecerla. La contestación de los demandados expresaba que la demandante no había sufrido pérdida alguna y que si alguna pérdida resultó fue debida al hecho de no pagar dicha demandante por los 50 barriles de tocino. En gran parte esta defensa envuelve la misma idea errónea que había en todos los procedimientos iniciados en esta serie de litigios, o sea, que los demandantes aquí debían cierta suma de dinero a alguna otra persona. La prueba no contradicha tendió a demostrar que en la fecha en que los demandantes quedaron privados de la posesión de sus bienes éstos tenían el valor que se reclamaba.

Debe revocarse la sentencia y en su lugar dictarse otra a favor de los demandantes por la suma de $1,070 con intereses desde el día 29 de julio, 1921, con costas, pero sin honorarios de abogado.

*Revocada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey, Hutchison y Franco Soto.