DRUG Co. OF PORTO RICO, INC., demandante y apelada, *v.* NEFTALÍ MIRANDA, demandado y apelante.

No. 5920.—*Sometido:* Abril 5, 1932. *Resuelto:* Junio 16, 1933.

*V. Polanco de Jesús,* abogado del apelante; *L. Feliú,* abogado de la apelada.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

La Drug Company of Puerto Rico, Inc. demandó a Neftalí Miranda en cobro de $2,347.20, intereses y costas y solicitó el aseguramiento de la sentencia que pudiera dictarse de acuerdo con la ley de 1902 sobre el particular, Comp. 1911, pág. 884. La corte lo decretó mediante fianza de $3,000 y prestada ésta el márshal embargó en el pueblo de Morovis un establecimiento de farmacia perteneciente al demandado que entregó a Angel M. Méndez, empleado de la demandante, como depositario, y la suma de $6.87 que depositó en un banco de reconocida solvencia. Las existencias del establecimiento se vendieron produciendo $652.50 que se depositaron en la secretaría de la corte.

Contestó el demandado y señalada la vista del pleito para el 4 de junio de 1931, faltó en comparecer la demandante, motivo por el cual pidió el demandado que se la tuviera por desistida de su acción. La corte dictó sentencia de conformidad.

Al día siguiente la demandante presentó una larga moción en la que expuso las razones que tuvo para no comparecer y solicitó de la corte que la eximiera de los efectos de la sentencia que contra ella dictara.

Ocho días después compareció el demandado y manifestó por escrito:

"Que no tiene inconveniente en que se deje sin efecto la sentencia, pero con las siguientes condiciones:

"A.—Que se impongan a la demandante las costas en que incurrió el demandado el día del juicio, esto es, gastos de automóvil, honorarios de testigos y veinte y cinco dólares como honorarios de abogado.

"B.—Que se decrete la cancelación del embargo trabado en este

caso en consonancia con lo dispuesto en la sección trece de la Ley de Aseguramiento de Sentencias de marzo 1 de 1902 toda vez que el dejar sin efecto la sentencia equivale a una suspensión del caso solicitada por la parte demandante sin alegar fuerza mayor y probarla a la vez, puesto que este caso se señaló el día de la lectura general del calendario, estuvo más de un mes señalado y ese señalamiento fué comunicado a la parte demandante por medio de tarjeta postal y por el Secretario de esta Hon. Corte en la misma forma que fué comunicado este demandado."

Nada decidió la corte inmediatamente, y el 7 de agosto, 1931, el demandado radicó una moción pidiendo que se le entregara el producto de la propiedad embargada y vendida. Se opuso la demandante. Oyó la corte a ambas partes y tomando en consideración todas las cuestiones pendientes, por resolución fundada de 27 de noviembre, 1931, dejó sin efecto su sentencia de 4 de junio anterior, abriendo el caso nuevamente e imponiendo a la demandante el pago de los gastos de automóvil y honorarios de testigos incurridos por el demandado al comparecer a la vista del 4 de junio, con más $25 para honorarios de su abogado, y declaró no haber lugar a devolver al demandado los bienes embargados. Fué contra esa resolución que la presente apelación se interpuso.

El apelante no impugna la resolución de la corte en cuanto por ella se dejó sin efecto la sentencia de junio 4, 1931. Lo que sostiene es que la devolución de los bienes embargados debió necesariamente decretarse de acuerdo con las expresas prescripciones de la ley de 1902 sobre aseguramiento de sentencias, a saber: "Todo aseguramiento de sentencia quedará sin efecto si la vista del pleito fuere suspendida a petición de la parte que obtuvo dicho aseguramiento, o si cualquier término judicial fuere prorrogado a su instancia, excepto si la petición de suspensión o prórroga se fundó en causas de fuerza mayor debidamente justificadas." Sección 13, Ley para Asegurar la Efectividad de Sentencias, aprobada en 1902, Comp. 1911, pág. 885.

Aquí en verdad no se solicitó la suspensión del juicio. El juicio fué señalado y como faltara en comparecer la deman-

dante, la corte dictó sentencia teniéndola por desistida de su acción.

No hay duda alguna de que lo ocurrido surtió el efecto de una posposición del juicio, pero tampoco la hay de que la corte tenía poder para dejar sin efecto la sentencia y de que ejercitado ese poder en sentido afirmativo implica que las cosas volverían al ser y estado que tenían antes de dictarse la sentencia dejada sin efecto.

La corte no estaba obligada a aceptar las condiciones impuestas por el demandado para allanarse. Aceptó una, la que estimó justa. Rechazó la otra y no se nos ha demostrado que abusara de su discreción al así hacerlo.

Sostiene además el apelante que de acuerdo con la jurisprudencia establecida por esta Corte Suprema en el caso de *González Clemente & Co.* v. *V. López et al.,* 32 D.P.R. 897, su moción debió siempre prosperar.

Dicha jurisprudencia, copiando del resumen, es como sigue:

"Cuando una acción en cobro de dinero se desestima, el aseguramiento de sentencia concedido se anula también; y una acción entablada por el demandado para que el demandante y sus fiadores le indemnicen de los daños causados por el embargo, debe prosperar, no siendo defensa ni el hecho de que el demandante hubiera actuado con buena fe ni que la demanda hubiera sido desestimada porque el demandante estableció la acción a su nombre en vez de hacerlo como agente del verdadero acreedor, ni que los daños ocasionados por la venta de los bienes fungibles embargados pudieron evitarse si el demandante hubiera pagado su deuda al verdadero acreedor."

Hay, sin embargo, entre los hechos del caso de González Clemente & Co., supra, y los de éste que estamos considerando una gran diferencia. Allí no se dejó sin efecto la sentencia. Esta se dictó sobre las alegaciones y quedó firme y claro está que todo lo accesorio o incidental al pleito siguió la suerte de éste y quedó definitivamente terminado. Aquí al dejarse sin efecto la sentencia revivió la acción en las mismas condiciones en que antes se encontraba, quedando por consiguiente otra vez en pie el embargo.

*Debe declararse sin lugar el recurso y confirmarse la resolución apelada.*