EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* AUGUSTO B. PADILLA, acusado y apelante.

No. 5117.—*Sometido:* Junio 9, 1933. *Resuelto:* Junio 20, 1933.

*R. Rivera Zayas,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Al apelante en este caso le fué ocupada una pistola que tenía en sus manos cuando estaba en una reyerta con otras personas. Eso constituye una portación de arma, sin necesidad de que se pruebe que también la portaba con anterioridad a ese momento.

■ Esa pistola no tenía balas ni el peine en que son colocadas: estaba descargada. Por esto alega el apelante que no era un arma prohibida por la ley porque no podía ser usada como pistola. Por consiguiente, la cuestión a resolver es si el que porta una pistola o un revólver que está descargado comete delito por la portación de dicha arma.

Algunas decisiones de tribunales de los Estados Unidos han declarado que una pistola que está descargada o tiene roto su muelle principal u otra parte necesaria es impropia para usarla como pistola y deja de ser el arma a que se refiere la ley, pero la regla general es al contrario. En el caso de *Mitchell* v. *State of Mississippi*, 55 So. 354, 34 L.R.A. 1174, se dijo lo siguiente:

"El apelante fué acusado, juzgado, convicto y sentenciado en la corte de circuito del condado de Covington por portar ocultamente una pistola. Apela de esa sentencia para ante este tribunal.

"En la corte sentenciadora la prueba demuestra que el apelante portaba ocultamente una pistola y que ésta no tenía el gatillo ni muelle principal. El apelante sostenía que esto no era una pistola dentro del significado del estatuto. El Estado, por otra parte, sostenía que sí lo era. Ésta fué la controversia principal durante el juicio. En el curso del mismo el acusado solicitó de la corte que instruyera al jurado que si la pistola que se alegaba portar el acusado no tenía gatillo ni muelle principal, entonces la misma no era una pistola. La corte se negó a dar esta instrucción. El Estado solicitó de la corte que instruyera que si el acusado portaba ocultamente, total o parcialmente, una pistola defectuosa, por no tener gatillo o muelle principal, el jurado debía declarar al acusado culpable del delito imputádole. La corte así lo expresó.

"Al haberse negado a dar la primera instrucción y al dar la segunda, la corte procedió acertadamente y su resolución cayó claramente dentro del significado y espíritu de nuestro estatuto. Es evidente que el resolver lo contrario equivaldría a destruir los benéficos fines de la ley. Según algunas autoridades, en la condición en que se probó que estaba la pistola no caería dentro del espíritu y alcance del estatuto. Uno de los principales casos que sostienen este criterio es el de Evins v. State, 46 Ala. 88. El peso de las autoridades es claramente contrario a este criterio y rehusamos seguirlo. Bishop en su obra Statutory Crimes, párrafo 791, dice: 'Según la que parece

ser la mejor opinión, si una pistola no tiene muelle principal o el que tiene está roto, y si no puede ser disparada en forma ordinaria y puede serlo usándose un fósforo, sin embargo, sigue siendo una pistola dentro del significado del estatuto, aunque lo contrario fué una vez resuelto.'

"Al interpretar un estatuto similar al nuestro, la Corte Suprema de Georgia en un caso bien considerado se expresó así: '¿Qué se quiere decir con la frase "cualquier pistola?" Ésta es la única cuestión. . . "Pistola" es una palabra usada generalmente por todo el mundo y por consiguiente debe entenderse en su significado ordinario. . . Una vez que un objeto llega a ser una pistola, no deja de serlo por estar temporalmente defectuosa. Su estado y condición puede variar de tiempo en tiempo sin alterar su naturaleza esencial. Su maquinaria puede ser más o menos perfecta; en ocasiones puede estar cargada; en otras descargada. Puede tener o no pistón fulminante, ser fácil, difícil o de momento incapaz de disparar; sin embargo, si conserva sus características generales y su apariencia de pistola, sigue siendo una pistola y en lenguaje corriente así se le denominaría. . . Estando el muelle principal descompuesto de tal modo que es imposible disparar el arma en la forma ordinaria en que se usan las armas de fuego, ello no sería excusa o justificación. El portar un arma ocultamente está prohibido por el estatuto, ora esté el mecanismo en perfecto estado o no.' Williams v. State, 61 Ga. 418, 34 Am. Rep. 102."

Por nuestra parte hemos dicho que un revólver o una pistola no deja de serlo porque esté cargado o no, o porque le falten algunas piezas, mientras tenga las características generales de un revólver y su apariencia de tal. *El Pueblo* v. *Alonso*, 35 D.P.R. 476: *El Pueblo* v. *Cortés*, 37 D.P.R. 36. Y en el de *El Pueblo* v. *Pagán*, resuelto en mayo último, ante, pág. 108, declaramos que el que porta un revólver que no puede ser usado como tal porque su muelle principal está roto no comete delito cuando lo porta para llevarlo a componer. En el caso de *Caldwell* v. *State* (Tex. Crim. App. 1907) 106 S.W. 343, se declaró que no es defensa que la pistola estuviese descargada cuando era portada. Lo mismo se dice en *State* v. *Duzan*, 6 Blackf. 31: *State* v. *Bollis*, 73 Miss. 57: 8 R.C.L. 290, párrafo 311.

*La sentencia apelada debe ser confirmada.*