El Pueblo de Puerto Rico, demandante y apelado, *v.* Emeterio Ortiz, acusado y apelante.

No. 5110.—*Sometido:* Noviembre 21, 1933. *Resuelto:* Enero 12, 1934.

J. *Valldejuli,* abogado del apelante; R. A. *Gómez, Fiscal* abogado de *El Pueblo,* apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

En la Corte Municipal de Yabucoa se presentó una denuncia contra Emeterio Ortiz y Demetrio Fernández imputándoles la comisión de un delito de alterar la paz. Condenados por la corte del municipio, apelaron para ante la del distrito, Humacao. Celebrado el juicio *de novo*, Fernández fué absuelto y Ortiz condenado a sufrir treinta días de cárcel. No conforme Ortiz, apeló para ante este Tribunal Supremo. Señala en su alegato la comisión de tres errores, ninguno de los cuales fué cometido, a nuestro juicio.

■■ Por el primero sostiene que la acusación debió sobreseerse de acuerdo con lo dispuesto en el artículo 448 del Código de Enjuiciamiento Criminal, ya que se radicó en la corte de distrito el 29 de septiembre, 1932, y el juicio no se celebró hasta el 24 de enero, 1933, o sea unos ocho días después de los ciento veinte que fija el estatuto.

La moción se presentó no antes sino en el acto del juicio y por lo tanto tardíamente. Prescindiendo de ello encontramos que la corte partió de la base de la existencia de una justa causa para la dilación, a saber, la ocurrencia del ciclón de San Ciprián el 26 de septiembre, 1932, que desorganizó y aún paralizó los trabajos de la corte que no pudieron reanudarse hasta el 14 de noviembre siguiente.

■■ Por los errores segundo y tercero se sostiene que hubo parcialidad y prejuicio por parte de la corte y que la sentencia es contraria a la prueba.

Concluso el caso para sentencia, el juez de distrito se expresó así:

"La Corte después de un detenido estudio, a medida que la evidencia iba desfilando en los casos de El Pueblo v. Ricardo Aponte, no se siente en conciencia convencida por la prueba presentada en los otros casos contra Ricardo Aponte, de que sea suficiente esa prueba en contra de Ricardo Aponte, y entiende que él es inocente de los delitos que se le han imputado. En cuanto a Emeterio Ortiz, por su propia declaración, en los casos anteriores, pero que no toma el Juez en consideración para juzgar el presente caso. En cuanto a

Ricardo Ortiz, por la prueba practicada en este caso, la Corte entiende, dándole absoluto crédito a esa prueba.

"Que Emeterio Ortiz ha cometido un grave delito de alteración de la paz, provocando de una manera insultante a Ricardo Aponte en los momentos en que este caballero se dirigía por una de las calles de Yabucoa, acompañado de su esposa, para su hogar, y por tanto le declara culpable de un delito de alteración de la paz pública en la forma en que ha sido expuesto en la denuncia, y le condena a TREINTA DÍAS de cárcel y las costas.''

Y entiende el apelante que la pasión y el prejuicio quedaron demostrados al consignar el juez que Ortiz había cometido "un grave delito de alteración de la paz" cuando sólo existe el delito de alteración de la paz sin que el legislador lo clasifique de grave o simple, y al tomar en consideración prueba que se practicara en otro caso.

No creemos que las manifestaciones del juez tengan el alcance que le atribuye el apelante.

Es cierto que la ley sólo se refiere al delito de alteración de la paz en general, pero la ley también concede a los jueces amplia discreción en la imposición de la pena. Por ejemplo, en el caso de que se trata pudo el juez imponer de uno a noventa días de cárcel y para ejercitar su discreción pudo y debió apreciar las circunstancias concurrentes que aumentan o disminuyen la gravedad del acto delictivo.

Este caso guarda relación con otro celebrado ante la misma corte contra el mismo acusado. *El Pueblo* v. *Ortiz,* por acometimiento y agresión con circunstancias agravantes, 45 D.P.R. 835. Fresca estaba en la mente del juez sentenciador la impresión que le produjo dicho caso en el que declaró culpable al acusado y le impuso seis meses de cárcel por haber acometido y agredido a una mujer y se explican sus manifestaciones que recogió fielmente el taquígrafo; pero tras ellas se advierte inmediatamente la reacción del juzgador experto que sabe que sólo puede decidir el caso por sus propios méritos, basándose en la evidencia que en el mismo se practique, y claramente limita su actuación. No hay en ello pasión ni prejuicio. La verdad es que si algo de influencia quedó en el

ánimo del juez fué para bajar la pena, ya que no obstante referirse a la gravedad del acto delictivo cometido por el acusado en vez de imponerle noventa días de cárcel como pudo hacerlo, sólo le impuso treinta, quizá pensando en los seis meses que le había ya impuesto por el delito de acometimiento y agresión.

En cuanto a la prueba, la hemos analizado y la estimamos suficiente. El acto ocurrió en las calles de Yabucoa. Ricardo Aponte que había declarado contra Ortiz en la causa por acometimiento, iba acompañado de su esposa y fué insultado y desafiado por Ortiz al alcance de mujeres y en la forma estrepitosa e inconveniente que se expresa en la acusación y confirma la evidencia, constitutiva de una verdadera alteración de la paz.

*Debe confirmarse la sentencia recurrida.*