El Pueblo de Puerto Rico, demandante y apelado, *v.* Pedro Lorenzano, acusado y apelante.

Núm. 6742.—*Sometido:* Diciembre 15, 1937. *Resuelto:* Marzo 29, 1938.

*Francis, Cruz Horta y Torres*, abogados del apelante; *R. A. Gómez, Fiscal, y Luis Janer, Fiscal Auxiliar*, abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

En 13 de septiembre de 1934 se radicaron acusaciones contra Pedro Lorenzano por los delitos de atentado a la vida y portar armas prohibidas, cometidos ambos el 30 ó 31 de julio de 1934 en el municipio de San Juan. En el caso por delito grave que está ante nos se constituyó y juramentó al jurado e igualmente se les tomó juramento a los testigos de cargo y de descargo. En 2 de octubre de 1935 al abrirse la sesión la corte, debido a la enfermedad del fiscal, disolvió el jurado. La otra acusación fué sometida por la prueba presentada en el caso de delito grave. En los autos que están ante nos aparece lo siguiente:

"El Pueblo de Puerto Rico *v*. Pedro Lorenzano, Criminal Núm. 2307.—Atentado a la Vida.

"Llamado este caso para juicio compareció el acusado en persona y asistido de sus abogados Sres. Eduardo Urrutia y Alfonso Lastra y el fiscal Sr. Domingo Massari en representación de 'El Pueblo' y dijeron estar listos para juicio. El acusado por sus abogados presentó excepción perentoria a la acusación alegando haber sido anteriormente expuesto por el mismo delito y practicada evidencia por ambas partes sobre esta cuestión, la corte la declara sin lugar.

"El acusado presentó además una moción de archivo y sobreseimiento por haber transcurrido más de 120 días de la presentación de la acusación, la Corte la declara sin lugar por ser tardía."

Ambas mociones fueron declaradas sin lugar y se celebró el juicio. El jurado trajo un veredicto condenatorio, la corte dictó sentencia y el acusado apeló.

El apelante alega que la corte de distrito cometió cuatro errores, los que sustancialmente leen así:

1. La corte cometió error al declarar sin lugar la moción de sobreseimiento y archivo presentada por el acusado bajo el fundamento de que dicha moción era tardía.

2. La corte cometió error al declarar sin lugar la moción de *former jeopardy*.

3. La corte cometió error al permitir al fiscal que volviera a examinar al testigo Norberto Arroyo, después de haberse terminado el interrogatorio directo de este testigo, contra la oposición del acusado.

4. El veredicto del jurado declarando culpable al acusado es contrario a la prueba practicada.

■ El primer error alegado por el apelante no tiene fundamento alguno, puesto que en un caso directamente aplicable al presente, *Pueblo* v. *Emeterio Ortiz*, 46 D.P.R. 1, este tribunal resolvió:

"Una moción de sobreseimiento del proceso bajo el inciso 2 del artículo 448 del Código de Enjuiciamiento Criminal, presentada en el acto del juicio, es tardía."

Véase además *Pueblo* v. *París*, 25 D.P.R. 111.

■■ En lo que respecta a la alegación de haber sido expuesto por segunda vez (*second jeopardy*) lo único que aparece de las minutas de la corte es que el acusado presentó una llamada excepción perentoria alegando haber sido expuesto anteriormente, que ambas partes presentaron prueba y que la corte declaró sin lugar dicha excepción. A no ser por lo que sugiere la excepción perentoria, los hechos en que el apelante basa su alegación de haber sido expuesto anteriormente no aparecen en ninguna parte de los autos.

Con unos autos deficientes a la vista no nos es posible resolver la suficiencia de la alegación de haber sido expuesto por segunda vez. Tal alegación es en gran parte cuestión de prueba. La corte inferior pudo haber estado plenamente convencida de que la enfermedad del fiscal era seria y de que ningún otro abogado podía comparecer en su lugar. Tenemos que presumir que la corte cumplió con la ley. Ade-

más, una alegación era técnicamente necesaria, si los hechos de haber sido expuesto anteriormente no se desprendían de los autos. La excepción perentoria era insuficiente.

▇ El tercer error señalado por el apelante, basado en el reexamen de un testigo, carece de méritos. El fiscal llamó a un testigo para examinarlo nuevamente, la corte autorizó el reexamen basando su resolución en el artículo 157 de la Ley de Evidencia, la defensa excepcionó dicha resolución y la cita ahora como error. El artículo 157 de la Ley de Evidencia lee así:

"Una vez examinado un testigo, no podrá volvérsele a examinar sobre el mismo asunto, sin el consentimiento del tribunal; pero podrá volver a ser examinado respecto a cualquiera nueva materia sobre la cual hubiere sido examinado por la parte contraria. Y terminados los interrogatorios de ambas partes, no podrá volvérsele a llamar sin permiso del tribunal. Se concederá o denegará el permiso, según lo aconsejare un recto criterio."

Por tanto es claro que la corte tiene·discreción para permitir el reexamen de un testigo, y no puede alegarse que cometiera error a menos que la corte abuse de su discreción.

▇ El apelante alega como cuarto motivo que el veredicto del jurado es contrario a la prueba. Es verdad que hubo cierta evidencia contradictoria en las declaraciones de los testigos de cargo; mas al mismo tiempo hubo abundante prueba para sostener el veredicto. El apelante no nos convence de que el jurado debió haber tenido una duda razonable.

*Debe confirmarse la sentencia.*

El Juez Asociado Señor Córdova Dávila no intervino.