EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ERNESTO PÉREZ, acusado y apelante.

Núm. 8811.—*Sometido:* Noviembre 5, 1941. *Resuelto:* Noviembre 10, 1941.

*Adolfo García Veve*, abogado del apelante; *Hon. Procurador General George A. Malcolm* y *R. A. Gómez, Fiscal del Tribunal Supremo*, abogados de El Pueblo, apelado.

454

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

El apelante fué sentenciado a seis meses de cárcel por tener en su poder un revólver sin haberlo registrado en el distrito policíaco de su residencia. Fundamentando el recurso, alega que la corte *a quo* erró: (*a*) al declararlo convicto de dicho delito, porque tratándose en este caso de un arma defectuosa no estaba sujeta al registro prescrito por la ley de 8 de julio de 1936 (Núm. 14, Tercera Legislatura Extraordinaria, pág. 129); (*b*) al desestimar la moción del acusado solicitando la nulidad de la orden de allanamiento mediante la cual se ocupó el arma; y (*c*) al admitir en evidencia la orden de allanamiento y el revólver en cuestión.

Argumentando su primer señalamiento de error, sostiene el apelante que de la prueba resulta que para que el revólver pueda disparar es necesario echarle el gatillo hacia adelante, lo que hace que el arma sea defectuosa, y siéndolo, no puede usarse para fines de ofensa y defensa, por lo que el apelante concluye que no está comprendida en las prescripciones de la citada ley.

El hecho de que un arma de las descritas en la ley sea más o menos defectuosa, no exime a su poseedor del deber de registrarla. La ley no establece distinción alguna entre armas de funcionamiento perfecto e imperfecto. Basta que el arma, como en este caso, responda a la descripción que establece la ley, para que su poseedor venga obligado a cumplir sus disposiciones. Interpretando una ley *in pari materia*, la de portar armas prohibidas, este Tribunal ha resuelto que un revólver no deja de serlo porque esté cargado o no, o le falten piezas, siempre que tenga las características generales y apariencia de esa arma. *Pueblo* v. *Cortés*, 37 D.P.R. 36. Posteriormente, en *Pueblo* v. *Padilla*, 45 D.P.R. 273, volvió a resolverse que una pistola no deja de serlo, a los efectos de la misma ley, porque esté cargada o

no, o porque le falte el peine en que son colocadas las balas, siempre que tenga las características y conserve la apariencia de dicha arma. Véase por vía de ilustración el caso de *Mitchell* v. *State of Mississippi,* 55 So. 354, 34 L.R.A. 1174, citado *in extenso* en el último de los arriba mencionados.

■■ El segundo señalamiento de error está predicado en haberse devuelto la orden de allanamiento cerca de dos meses después de su expedición. Invoca el apelante el artículo 512 del Código de Enjuiciamiento Criminal, que dice así:

"Artículo 512.—Una orden de registro o allanamiento debe ser ejecutada y devuelta diligenciada al juez de paz que la librara, dentro de los diez días de su fecha, pasados los cuales, *si no hubiere sido ejecutada,* se considerará nula." (Bastardillas nuestras.)

La letra de la ley es perfectamente clara. La primera parte del artículo es de carácter directivo al prescribir que la orden de allanamiento sea ejecutada y devuelta diligenciada dentro de los diez días de su fecha. Parece lo más justo y deseable que estas órdenes, dada su naturaleza extraordinaria, sean devueltas a la autoridad judicial dentro de un tiempo razonable; pero al imponer la sanción por el incumplimiento de la ley, el legislador dispuso que sólo se considere nula la orden *cuando no hubiere sido ejecutada* dentro del referido término de diez días, y en este caso lo fué el mismo día de su expedición. Por consiguiente, no estaba sujeta a la sanción impuesta por la ley.

■■ El apelante cita el caso de *State* v. *Bodner,* 162 Atl. 186, en el que una corte de New Jersey parece interpretar un precepto legal idéntico al artículo 512 antes citado, en el sentido de que el mero hecho de no devolver la orden dentro de los diez días de su fecha, la invalida.

Con excepción de la sentada por la Corte de Circuito de Apelaciones para el Primer Circuito y la de la Corte Suprema de los Estados Unidos, la jurisprudencia de los demás tri-

bunales del Continente no es obligatoria para esta Corte Suprema. Esa jurisprudencia sólo tiene para nosotros la fuerza persuasiva de los razonamientos que le sirvan de base. El caso de New Jersey está basado en el siguiente razonamiento:

"La orden de registro en el presente caso fué librada el 19 de marzo y no fué devuelta por el funcionario a quien iba dirigida hasta el 31 del mismo mes. No se ha cumplido con las disposiciones del estatuto arriba transcrito, que en vista de la naturaleza extraordinaria de la orden de registro debe seguirse estrictamente."

Ése es el único razonamiento en que descansa la conclusión a que llegó la corte de New Jersey. El citado caso no ha sido seguido en ninguna otra jurisdicción ni se ha ratificado por la denominada "Court of Errors and Appeals", que es el más alto tribunal de dicho Estado.

No hemos encontrado ningún caso de California que interprete el artículo 1534 del Código Penal de dicho Estado, de donde fué tomado el 512 de nuestro Código de Enjuiciamiento Criminal; pero, en cambio, veamos cómo Corpus Juris resume la jurisprudencia sobre el particular:

"NECESIDAD Y NATURALEZA DE LA DEVOLUCIÓN.—EN GENERAL.—El dejar el funcionario de devolver una orden de registro debidamente librada y ejecutada, no invalida dicha orden ni el registro e incautación practicados a virtud de la misma, *aunque el estatuto requiera que sea devuelta dentro de un tiempo determinado*, toda vez que la devolución es un mero acto ministerial que puede verificarse posteriormente." 56 C. J. 1245.

Con la mayor deferencia para la corte que resolvió el caso citado por el apelante, "Court of Quarter Sessions of New Jersey, Essex County," no nos sentimos dispuestos a aceptar su interpretación, y por el contrario sostenemos que la orden de allanamiento en el caso ante nos no quedó invalidada por el mero hecho de devolverse después de los diez días de su fecha, toda vez que fué ejecutada dentro de dicho término.

▉ Las conclusiones a que hemos llegado respecto a los dos primeros señalamientos de error, nos relevan de discutir extensamente el tercero, bastando para disponer del mismo que siendo la ocupada una de las comprendidas en la Ley sobre Registro de Armas, y válida la orden de allanamiento, no erró la corte sentenciadora al admitir en evidencia tanto la orden como el arma.

*Por lo expuesto, procede la confirmación de la sentencia apelada.*