El Pueblo de Puerto Rico, demandante y apelado, *v.* Jorge Báez Figueroa, acusado y apelante.

Núm. 13995.—*Sometido:* Noviembre 7, 1949. *Resuelto:* Noviembre 29, 1949.

*Rafael Hernández Matos* y *Luis A. Noriega,* abogados del apelante; *Hon. Procurador General Vicente Géigel Polanco (Carlos Santana Becerra, Procurador General Interino,* en el alegato), *J. Rivera Barreras, Fiscal del Tribunal Supremo* y *Fernando Fornaris, Jr., Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Marrero emitió la opinión del tribunal.

Jorge Bácz Figueroa fué acusado y convicto de tener en su poder material que podía ser utilizado en relación con el juego de la bolita. Véase la sección 4 de la Ley 220 de 15 de mayo de 1948 (pág. 739). Se le sentenció a sufrir dieciocho meses de cárcel, y apeló para ante este Tribunal de la sentencia así dictada.

Alega en seguida que la corte inferior cometió grave error al declarar sin lugar las tres mociones sobre nulidad de la orden de allanamiento y devolución de evidencia presentadas por él. En ellas sostuvo que no sé había cumplido con los artículos 503 y 504 del Código de Enjuiciamiento Criminal; que se procedió al registro de sitios no descritos en la orden de allanamiento; que dicha orden fué diligenciada después de transcurrido el período fijado por la ley y que debían devolvérsele los $384 ocupados.

Hemos examinado la orden de allanamiento y la declaración jurada que sirvió de base a la expedición de la misma y a nuestro juicio ambas cumplen con los requisitos de ley. Cierto es que la declaración jurada fué preparada en un papel impreso y que tiene fraseología redundante e

imprecisa, pero parte de lo impreso unido a lo que de la misma aparece escrito a máquina era suficiente para justificar la expedición de la orden. En esa declaración se describe con suficiente certeza la propiedad a ser registrada y se hace constar que en ésta el acusado tenía en su posesión y manipulaba boletos de bolipul y de loterías clandestinas, así como listas de números y nombres de personas relacionados con el juego ilegal de la bolita. Se dice en ella además que al pasar el declarante frente a la casa residencia del acusado vió que estando éste en la sala tenía en sus manos billetes de bolipul, que los contaba y que a la vez apuntaba números en una lista de papel. Eso bastaba para que el juez de distrito ante quien se suscribió la declaración quedara convencido de que procedía la expedición de la orden que se le solicitaba.

■ Al final de la declaración se hace constar que la misma fué "jurada y suscrita ante mí hoy 16 de julio de 1948". Un poco más abajo aparecen sobre líneas paralelas horizontales las firmas de Silvestre Vivaldi y Héctor Ruiz Somohano, la del primero como declarante y la del segundo como Juez de Distrito de Ponce. El hecho de que la firma del declarante aparezca como un centímetro más abajo que la del juez no vicia de nulidad la declaración, ya que del contexto de la misma tomado en conjunto se desprende de manera indubitada que el propósito del declarante Vivaldi fué jurarla ante el citado juez. Cf. *Valcourt* v. *Torres,* 44 D.P.R. 913.

Por otra parte, nada hay en los autos que demuestre que la declaración jurada no fuera prestada ante el indicado juez. Por el contrario, todo tiende a indicar que el deponente fué examinado por el juez Ruiz Somohano y que éste quedó convencido de que procedía la expedición de la orden de allanamiento y así lo hizo.

■ Sostiene también el acusado, como ya hemos dicho, que la orden de allanamiento es nula, toda vez que la misma fué devuelta después de haber transcurrido más de diez días desde aquél en que se le expidió. Revela dicha orden, cuyo

original ha sido elevado, que la misma fué librada el 16 de julio y que no fué devuelta hasta el 28 del mismo mes. También, que fué ejecutada dos días después de haberse expedido. El artículo 512 del Código de Enjuiciamiento Criminal requiere que toda orden de allanamiento sea ejecutada y devuelta diligenciada dentro de los diez días de su fecha. Sin embargo, tan sólo dice ese artículo que será nula la orden si ésta fuera ejecutada después de dicho período.[1] En el caso presente la orden fué ejecutada a los dos días de su expedición y el hecho de que fuera devuelta pasados los diez días de que habla el citado artículo no vicia la misma de nulidad. *Pueblo* v. *Pérez*, 59 D.P.R. 453.

■ La ocupación de las ocho listas en un ropero que estaba dentro de la casa no fué ilegal. Ello podía hacerse. *Pueblo* v. *Rodríguez*, ante, pág. 514.

■ Tampoco fué error de la corte de distrito el no ordenar la devolución de los $384 a que alude una de las mociones del acusado. La sección 5 de la indicada Ley 220 de 1948 prescribe que "todos los artefactos . . . , monedas y demás enseres e implementos ocupados y utilizados en relación con los juegos prohibidos de la 'bolita', 'bolipul' . . . que hayan sido ocupados en relación con dichos juegos, serán confiscados en favor de El Pueblo de Puerto Rico. . . ." La prueba claramente tendió a demostrar que al ejecutarse la orden de allanamiento y entregársele la misma al acusado, éste echó a correr por un cafetal que había cerca de su casa; que los policías le siguieron y lo arrestaron, ocupándole veintiocho listas; que fué traído a la casa y en su presencia, su esposa, al ser requerida para ello, entregó a un policía las llaves de un ropero que había en la casa; que al abrirse el ropero hallaron dentro del mismo una cajita en la cual había ocho listas de números de tres cifras, así como la indicada canti-

---

[1] *Artículo 512.*—"Una orden de registro o allanamiento debe ser ejecutada y devuelta diligenciada al juez de paz que la librara, dentro de los diez días de su fecha, pasados los cuales, si no hubiere sido ejecutada, se considerará nula."

dad y unos "ataches"; y que las referidas listas se usan en relación con el premio mayor de la lotería de Santo Domingo. El acusado no ofreció prueba de clase alguna. Ante esos hechos la corte inferior actuó acertadamente al negarse a ordenar la devolución de ese dinero.

■ Después de finalizar la declaración de Silvestre Vivaldi, primer testigo de El Pueblo, y luego de haber sido éste repreguntado con amplitud por los dos letrados de la defensa, ciertas cuestiones de derecho relacionadas con la validez de la orden de allanamiento fueron discutidas. Terminada esa discusión, uno de los letrados de la defensa solicitó de la corte le permitiera hacer una pregunta adicional al testigo Vivaldi. La solicitud fué rechazada. Esa negativa ha sido objeto del segundo señalamiento de errores. Tampoco creemos que éste se haya cometido. Ya la defensa había tenido plena oportunidad de contrainterrogar al testigo y además no se indicó en qué consistiría la pregunta, ni su pertinencia. Podía ser ella una repetición de las ya hechas, o ser impertinente. El permitir a una parte hacer preguntas adicionales cuando ya ha finalizado el examen de un testigo, es cuestión que está enteramente dentro de la sana discreción del tribunal sentenciador. Bajo las circunstancias concurrentes no creemos que hubiera abuso de tal discreción. *Pueblo* v. *Vázquez,* 68 D.P.R. 67, 83; *Pueblo* v. *Rodríguez,* 62 D.P.R. 894, 899; *Pueblo* v. *Lorenzano,* 52 D.P.R. 888, 891; *Pueblo* v. *Gómez,* 45 D.P.R. 812, 814.

Los errores tercero y cuarto se dirigen a la admisibilidad de la prueba y a la apreciación de la misma hecha por la corte. La evidencia obtenida a virtud de la orden de allanamiento era admisible como prueba. Esta última ya ha sido reseñada a grandes rasgos y a nuestro juicio es suficiente para justificar la conclusión a que llegó la corte.

■ También alega el acusado que la corte a quo actuó sin jurisdicción por ser la Ley 220 de 1948 inconstitucional. En apoyo de este señalamiento alega entre otras cosas que

614

dicha ley es ambigua y que su texto no define clara y terminantemente qué se entiende por el delito de la bolita. Esta cuestión ya ha sido resuelta adversamente a la contención del acusado. *Pueblo* v. *De Jesús,* 70 D.P.R. 37, 41.

Finalmente sostiene el acusado que la corte de distrito cometió grave error al imponerle la pena excesiva e injustificada de dieciocho meses de cárcel. La imposición de la pena cae enteramente dentro de la sana discreción de la corte juzgadora. Para casos de esta naturaleza la propia sección 4 de la Ley 220 de 1948 fija una pena de cárcel que no será menor de seis meses ni mayor de dos años. No se nos ha convencido de que el juez sentenciador abusara de su discreción al fijar la pena impuesta.

*No habiéndose cometido ninguno de los errores señalados, debe confirmarse la sentencia apelada.*