RUDOLPH F. FELS, demandante y apelante, *v.* JOSÉ BIASCOE-CHEA, demandado y apelado.

Número 10424.

*Sometido:* 1 de noviembre de 1954. *Resuelto:* 28 de diciembre de 1954.

*Pedro E. Anglade,* abogado del apelante; *Víctor A. Coll,* abogado del apelado.

PER CURIAM: En 29 de septiembre de 1950 el antiguo Tribunal de Distrito de Puerto Rico, Sección de San Juan, dictó sentencia sumaria en la que después de hacer constar que debía prosperar la excepción de *cosa juzgada,* desestimó

la demanda y condenó al actor al pago de las costas. No conforme, el demandante Rudolph F. Fels apeló. Ahora sostiene que:

"(1) La corte inferior no tuvo ante sí hechos suficientes para determinar que los hechos aducidos por el demandante en su alegación inicial fueron dilucidados por los Tribunales Dominicanos y la parte demandada suprimió la presentación de esos hechos para que la corte no los conociera.

"(2) Los 'exhibits' presentados no cumplen con los requisitos que determina la ley en Puerto Rico.

"(3) De los 'exhibits' presentados por la parte demandada, de cumplir ellos con los requisitos de ley, lo que negamos, no surgen los elementos esenciales para constituir causa juzgada (sic), a saber: 'la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron.' (Art. 1204 del Código Civil, edición de 1930, tercer párrafo.)

"(4) La sentencia es contraria a derecho."

■■ Según se desprende de los autos que tenemos a la vista, en 29 de agosto de 1946 Fels presentó ante el referido tribunal de distrito demanda en cobro de dinero contra José Biascoechea, en la cual alegó en síntesis que allá para el primero de enero del indicado año él y el demandado celebraron un negocio a virtud del cual éste compraría por cuenta de él en la República Dominicana mercadería, cocos, productos agrícolas y otros artículos que enviaría a la isla de Puerto Rico (agregamos nosotros, para ser vendidos en esta isla por Fels, dividiéndose las ganancias por partes iguales) ; y que liquidado el negocio en 31 de julio de 1946 resultó un balance a favor del demandante y contra el demandado por la suma de $65,225.65, que éste se apropió para su uso y beneficio. Con vista de esas alegaciones solicitó sentencia a su favor por la aludida suma, más intereses legales, costas y honorarios.

Esa demanda fué contestada en su oportunidad, incluyéndose en la contestación una reconvención y contrademanda. El demandado solicitó además sentencia sumaria, basado principalmente en que los tribunales de la vecina República

Dominicana ya habían resuelto la cuestión que se litigaba, siendo por ende cosa juzgada el presente caso. Dicha moción estuvo acompañada de (1) copia certificada de la sentencia dictada en 16 de julio de 1947 por la primera cámara penal del juzgado de primera instancia del distrito judicial de Santo Domingo; (2) copia certificada de la sentencia dictada por la Corte de Apelación de Ciudad Trujillo en 12 de septiembre de 1947 y (3) copia certificada de la sentencia dictada por la Suprema Corte de Justicia de la República Dominicana en 13 de septiembre de 1948.

A esa solicitud de sentencia sumaria del demandado, el demandante radicó una oposición escrita, que no estuvo acompañada de *affidavits* ni de documentos de clase alguna.

De las certificaciones unidas a su moción por el demandado se desprende con toda claridad que el demandante imputó al demandado ante los tribunales dominicanos el haberse apropiado una suma considerable de dinero perteneciente a la sociedad que aquél y éste tenían constituída para los fines mencionados; que con motivo de tal imputación el demandado fué arrestado y acusado ante los tribunales de aquel país de los delitos de abuso de confianza, uso de documentos falsos y falsedad en escritura de comercio; que una vez iniciado el proceso criminal, el demandante se personó en autos y reclamó civilmente la suma que según él el demandado se había apropiado; [1] y que vistos los casos ante los tribunales citados, el demandado fué exonerado tanto criminal como civilmente por todos ellos, siendo dictada la última sentencia que figura en autos por el tribunal más alto de la vecina república. [2]

---

[1] Nada hay que demuestre que en dicho país no se puedan acumular las acciones penales y civiles.

[2] En *Ponce* v. *F. Badrena e Hijos, Inc.*, 74 D.P.R. 225 discutimos ampliamente el alcance y efecto que deben dársele en Puerto Rico a una sentencia extranjera. En él dijimos a la página 243: "La propia Corte Suprema de los Estados Unidos y otros tribunales estadounidenses han resuelto que una sentencia extranjera es concluyente y debe ser reconocida en los Estados Unidos si el país en donde se dictó la sentencia reconoce las sentencias dictadas en los Estados Unidos, siempre y cuando que la corte

Según hace constar el tribunal sentenciador "la reclamación de Fels fracasó ante los tribunales dominicanos porque la prueba presentada por él fué deficiente, al extremo de que trató de probar la existencia de un crédito a su favor y en contra de Biascoechea, cuando aún faltaba un acto de esencial importancia, cual lo era la liquidación previa de la sociedad, para que pudiera determinarse con certeza si realmente Biascoechea era su deudor."

El último de los errores señalados fué cometido. Si bien en *Sánchez* v. *De Choudens*, 76 D.P.R. 1, dijimos que ". . . cuando en apoyo de la moción sobre sentencia sumaria se presentan . . . documentos admisibles en evidencia, si la parte contraria no radica contradeclaraciones ni da paso alguno para oponerse a la moción, ésta debe ser declarada con lugar, siempre que las declaraciones juradas u otros documentos presentados demuestren que no existe una genuina controversia de hechos", y si bien en este caso el demandante no adujo declaraciones juradas ni documento de clase alguna para controvertir las alegaciones de la moción del demandado, sin embargo es innegable que surgió una cuestión de derecho que, como veremos, impedía se dictara sentencia sumaria a favor del promovente. Esa cuestión es la siguiente: según manifestamos en *Chabrán* v. *Méndez*, 74 D.P.R. 768, 782, citando de la obra *Restatement, Judgments*, sec. 54, pág. 211, "Cuando se dicta sentencia a favor de un demandado por el fundamento de que no existe un hecho esencial a la causa de acción del demandante, éste no está impedido de radicar otro pleito al surgir luego ese hecho . . . La regla expuesta . . . es aplicable cuando la responsabilidad del demandado depende de que suceda algún evento. En tal caso si el demandante insta su acción antes de que el evento ocurra, y se dicta sentencia a favor del demandado por dicho motivo, el demandante

---

extranjera haya actuado con jurisdicción, que se hayan cumplido los requisitos fundamentales de un debido proceso de ley y que la sentencia no sea contraria al orden público local, no sea tan claramente arbitraria que sea contraria a los principios elementales de la justicia esencial y se haya dictado por un tribunal imparcial."

no está impedido de instar una acción después de ocurrido el evento."

Al mismo efecto citamos en esa opinión de Freeman, *Judgments*, 5ta. ed., págs. 1501–4, lo que pasamos a copiar en seguida:

". . . Y lo mismo es cierto con respecto a una decisión de que no existe derecho o causa de acción alguna; ésta no impide una segunda acción cuando hechos nuevos han creado un derecho o causa de acción. Es inmaterial el hecho de que estuviera envuelto el mismo asunto en la primera acción . . . Este principio es la base de la regla de que la negativa del remedio, por haberse presentado la acción prematuramente, no es en los méritos y por consiguiente no constituye impedimento."

En el caso de autos la reclamación del demandante fué desestimada por los tribunales dominicanos debido al hecho de que para la fecha en que se ventilaba la reclamación no se había hecho aún la liquidación del negocio que existió entre el demandante y el demandado. Ello, en otras palabras, equivalió a desestimar la demanda por haberse instado prematuramente. Toda vez que en la demanda que ahora está ante nos se alega específicamente que "liquidado el negocio entre demandante y demandado . . . resultó un balance a favor del demandante y contra el demandado . . .", ese nuevo hecho crea una causa de acción en favor del demandante, y, a tenor de las citas anteriores, las sentencias dictadas por los tribunales del país vecino no resultan ser *res judicata*.

El ilustre tratadista Manresa se expresa en sentido similar a como lo hacen *Restatement* y Freeman, supra. Véase 8 Manresa, Código Civil Español, 5ta. edición, donde a la pág. 249 se dice:

"Para que se produzca la cosa juzgada y pueda estimarse (se refiere al sentido material), es preciso que la sentencia primera, en que la excepción se apoye, haya resuelto sobre el fondo del asunto (Sentencias de 7 de julio de 1943 y 18 de abril de 1944 —3 Jur. Civ. 732, 2ª serie y 6 Jur. Civ. 499, 2ª serie) y por ello

no procede, cuando la primera, aunque desestimó las pretensiones de los demandantes, sólo fué por motivos procesales, sin negarles sus pretendidos derechos (Sentencia de 1 de julio de 1947—19 Jur. Civ. 551, 2ª serie)."

En el tomo 14 del repertorio de la Jurisprudencia Civil Española, publicado por el Instituto Editorial Reus (1948), hallamos además lo que sigue a la página 217:

". . . no cabe referir la cosa juzgada a resoluciones que por cualquier motivo no juzgaron, esto es, no decidieron nada sobre el punto controvertido en el pleito ulterior en que la excepción es invocada."

Estamos enteramente de acuerdo con el criterio arriba expresado. Habiéndose alegado expresamente la liquidación del negocio, que fué la única razón por la cual la acción fué desestimada en Santo Domingo, la defensa de cosa juzgada no procede. El tribunal a quo, en su consecuencia, cometió error de derecho al resolver lo contrario.

Al llegar a la conclusión anterior no hemos pasado por alto la sentencia del Tribunal Supremo de España de 8 de enero de 1902—93 Jur. Civ. 33—en la cual, siendo los hechos muy parecidos a los envueltos en este caso, se resolvió lo contrario de lo que aquí resolvemos. No obstante, esa sentencia parece haber sido revocada *sub silentio* por las que aparecen en la cita del tratadista Manresa arriba copiada, pero aún si no lo hubiese sido la misma no es obligatoria para este Tribunal. *Cf. Pueblo* v. *Pérez,* 59 D.P.R. 453, 455.

En vista de la conclusión anterior, se hace innecesario discutir los demás errores señalados.

*Debe revocarse la sentencia apelada y devolverse el caso al Tribunal Superior, sala de origen, para ulteriores procedimientos no inconsistentes con esta opinión.*

El Juez Asociado Sr. Pérez Pimentel no intervino.