Urgell Cuebas, Juez Ponente
*1018 TEXTO COMPLETO DE LA RESOLUCION
El peticionario, Sr. Ramón Ramos Lozada, solicita que revisemos una Resolución del Tribunal de Primera Instancia, Sala Superior de Bayamón, denegando su petición para que se declarase sin lugar o se desestimase una solicitud de devolución de bienes embargados, presentada por los recurridos, Sr. Pedro Claudio Velázquez, su esposa, Sra. Gladys Santiago, la sociedad de gananciales compuesta por éstos y la corporación controlada y administrada por ellos, Orientalist Rattan Furniture, Inc. Los bienes habían sido embargados por el peticionario, en aseguramiento de sentencia, en una demanda interpuesta por éste contra los recurridos, quienes a su vez reconvinieron por embargo ilegal. Ambas reclamaciones fueron desestimadas por el tribunal, adviniendo final y firme las sentencias dictadas.
Señala el peticionario que el tribunal de primera instancia erró en su dictamen ya que los recurridos estaban impedidos de reclamar la devolución de los bienes embargados debido a que, según éste, constituia cosa juzgada la sentencia desestimando la reconvención sobre embargo ilegal.
Denegamos la expedición del auto de certiorari, al concluir que no es de aplicación a las circunstancias particulares de este caso la doctrina de cosa juzgada.
El 17 de marzo de 1986 el Sr. Ramón Ramos presentó una demanda por incumplimiento de contrato, daños y perjuicios y cobro de dinero contra el Sr. Pedro Claudio Velazquez, su esposa, Sra. Gladys Santiago, la sociedad de gananciales compuesta por éstos y la corporación controlada y administrada por ellos, Orientalist Rattan Furniture, Inc. (Orientalist). A solicitud del demandante, el 29 de abril de 1986 el tribunal decretó el embargo de unos bienes muebles, consistentes de varios juegos de muebles de sala y comedor confeccionados en rattan, pertenecientes a Orientalist. Dichos muebles fueron entregados a un depositario nombrado por el tribunal y puestos en almacenaje.
Los demandados contestaron la demanda y levantaron, entre otras, la defensa de prescripción, e instaron una reconvención por embargo ilegal en la que reclamaron la suma de ciento cuarenta mil dólares ($140,000) en daños.
Luego de extensos trámites procesales, el 28 de febrero de 1994 el tribunal dictó sentencia parcial desestimando por prescripción la demanda contra el Sr. Claudio, su esposa y la sociedad de gananciales de éstos, quedando pendiente de adjudicación la demanda contra Orientalist y la reconvención por embargo ilegal. Posteriormente, el 10 de abril de 1995, el tribunal dictó sentencia en la que desestimó la demanda contra Orientalist por razón de inactividad y, además, desestimó la reconvención. Esta advino final y firme ante la inacción de las partes.
El 15 de octubre de 1995 Orientalist solicitó la devolución de los muebles embargados. El 26 de abril de 1996 el tribunal recurrido celebró una vista evidenciaría para considerar dicha solicitud. En ésta, el depositario de los bienes embargados indicó que los bienes muebles habían sido adjudicados al encargado del almacén, en pago por los cargos de almacenaje acumulados.
El 17 de junio de 1996 se celebró una segunda vista evidenciaría para recibir prueba documental y el testimonio de un perito en tasación de muebles de rattan. Durante la vista, Orientalist presentó una oferta de transacción, por lo que el tribunal le concedió al Sr. Ramos hasta el 30 de septiembre de 1996 para informar si la aceptaba.
*1019 El Sr. Ramos no se expresó sobre la oferta de transacción. El 2 de octubre de 1996 presentó una moción titulada "Solicitud de Archivo por Cosa Juzgada". En ella adujo que el tribunal estaba impedido de dictar orden o sentencia adjudicando la devolución de los bienes embargados o su equivalente en dinero, argumentando que la desestimación de la reconvención por embargo ilegal constituía cosa juzgada y, por ende, no procedía la petición de Orientalist. El tribunal declaró no ha lugar la moción presentada.
Inconforme, el Sr. Ramos presentó petición de certiorari ante este Foro aduciendo que:

"Erró el Honorable Tribunal de Instancia al resolver No Ha Lugar la solicitud de archivo por cosa juzgada, presentada por el recurrente, y por haber dictaminado que esta defensa es tardía, cuando no se nos ha dado la oportunidad de levantar defensas."

II
Sostiene el peticionario que la doctrina de cosa juzgada, la cual en nuestra jurisdicción está estatuida en el Art. 1204 del Código Civil, 31 L.P.R.A. see. 3343, impide que el tribunal recurrido provea para la devolución de los bienes embargados a los recurridos. No le asiste la razón al peticionario.
El Art. 1204 del Código Civil, supra, dispone, en parte, como sigue:

"Contra la presunción de que la cosa juzgada es verdad, sólo será eficaz la sentencia ganada en juicio de revisión.

Para que la presunción de cosa juzgada surta efecto en otro juicio, es necesario que entre el caso resuelto por la sentencia y aquel en que ésta sea invocada, ocurra la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron." (Enfasis suplido.)
La sentencia que recayó contra la reconvención no es oponible, como defensa bajo la doctrina de cosa juzgada, a la solicitud de devolución de los bienes embargados por ser distintas las cosas solicitadas y las causas. En la reconvención se reclamaron los daños y perjuicios atribuibles a un embargo ilegal. Esta reclamación constituye una acción ex delicto basada en el Art. 1802 del Código Civil, 31 L.P.R.A. see. 5141. Fresh-O-Baking Co. v. Molinos de P.R., 103 D.P.R. 509, 515 (1975); Berrios v. International Gen. Electric, 88 D.P.R. 109, 117 (1963).
En cambio, la solicitud de devolución de los bienes embargados se fundamenta en el derecho de los propietarios a recibir los mismos, por la extinción de la razón de ser del embargo, al advenir final y firme la desestimación de la demanda bajo la cual se efectuó éste. Desde hace bastante tiempo, en José González Clemente & Cía. v. López et al., 32 D.P.R. 897, 898 (1924), quedó establecido que " [ají desestimarse una acción el embargo desaparece y la propiedad del demandado debe serle reintegrada". La razón es que "[cjuando una acción en cobro de dinero se desestima, el aseguramiento de sentencia se anula también,...". Drug Co. of P.R.. Inc. v. Miranda, 45 D.P.R 268 271 (1933).
En resumen, claramente se persiguen cosas y causas distintas en uno y otro caso, por lo que no procede la defensa de cosa juzgada.
Por otro lado, aun cuando en este caso en particular se interesase la compensación de daños, basada en la acción de embargo ilegal, por razón de que los bienes embargados no pueden ser devueltos a su propietario, tampoco procede la aplicación de la doctrina de res judicata. La razón es que la reconvención fue presentada prematuramente y su desestimación no puede tener efecto o consecuencia alguna. Veamos.
Lo que el demandante tiene que alegar y probar en una acción por embargo ilegal, "es que sus bienes fueron embargados; que la acción que contra él se entabló y en la cual se decretó el embargo terminó por sentencia firme a su favor; y los daños sufridos; y que la persona embargada no puede entablar acción por el embargo mientras la sentencia dictada a su favor en el caso esté pendiente de ser revisada en apelación; y que su causa de acción en tal caso surge al confirmarse la sentencia en *1020 apelación". Frigorífico M. H. Ortiz v. Quiles, 101 D.P.R. 676, 688 (1973); Berrios v. International Gen. Electric, 88 D.P.R. 109, 117 (1963); Martí v. Hernández, 57 D.P.R. 819, 823 (1940). La causa de acción de daños por embargo ilegal surge al momento de advenir final y firme la sentencia que desestimó la demanda que dio origen al embargo. En el caso de autos, la reconvención por embargo ilegal de Orientalist fue desestimada en la misma sentencia que desestimó la demanda de cobro de dinero. Es evidente que la reconvención fue presentada prematuramente, ya que cuando se instó la misma aún no había recaído sentencia final y firme sobre la acción bajo la cual se decretó el embargo. No puede desestimarse una segunda acción judicial a base de declarar con lugar la defensa de cosa juzgada cuando la acción previa desestimada por sentencia final y firme era prematura.
Toda vez que la acción previa, desestimada, era prematura, no puede sostenerse válidamente la defensa de cosa juzgada. De Jesús v. Guerra Guerra, 105 D.P.R. 207, 211 (1976); Fresh-O Baking Co. v. Molinos de P.R., supra, pág. 514; Fels v. Biascochea, 77 D.P.R. 681, 685 (1954).
No incidió el tribunal recurrido.
III
Por las consideraciones antes expuestas, se deniega la expedición del auto de certiorari.
Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General